IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| SLAB MASTERS, INC., | ) |
| | ) |
|          Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 22-cv-1051-SMY |
| | ) |
| KEVIN ESTES, | ) |
| | ) |
|          Defendant. | ) |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Before the Court is Plaintiff Slab Masters, Inc.'s Motion to Remand (Doc. 10). Plaintiff originally filed the instant lawsuit in the Circuit Court of the Twentieth Judicial Circuit, St. Clair County, Illinois against Defendant Kevin Estes (Doc. 1-2). Defendant removed the case to this court, asserting diversity of citizenship under 28 U.S.C. § 1332. Plaintiff does not challenge diversity of citizenship between the parties but argues that this Court has no jurisdiction because the $75,000 jurisdictional minimum amount in controversy has not been met. For the following reasons, the motion is **DENIED**.

A civil action may be removed to federal court if the district court has original jurisdiction. 28 U.S.C. § 1441. Courts have original jurisdiction of civil actions if there is complete diversity between the parties and the amount in controversy exceeds $75,000, exclusive of interest and costs. Jurisdiction depends on the amount in controversy when the federal lawsuit suit began. *Meridian Sec. Ins. v. Sandowski*, 441 F.3d 536, 538 (7th Cir. 2006). The burden of establishing federal jurisdiction falls on the party seeking removal. *Id.* at 542. If the district court lacks subject matter jurisdiction, the action must be remanded to state court pursuant to 28 U.S.C. § 1447(c).

The amount in controversy stated in the plaintiff's Complaint generally controls unless recovering such an amount would be legally impossible. *Rising-Moore v. Red Roof Inns, Inc.*, 435 F.3d 813, 815 (7th Cir. 2006). If the Complaint does not establish the amount in controversy, the party invoking federal jurisdiction may establish the amount through factual assertions or other evidence. *Chase v. Shop N' Save Warehouse Foods, Inc.*, 110 F.3d 424, 427-28 (7th Cir. 1997). Jurisdictional facts must be established by a preponderance of the evidence, *Meridian*, 441 F.3d at 542, and the removing party's burden is to show "not only what the stakes of the litigation *could be,* but also what they *are* given the plaintiff's actual demands." *Brill v. Countrywide Home Loans, Inc.,* 427 F.3d 446, 449 (7th Cir. 2005). A good faith estimate of the amount in controversy is acceptable to support removal "if it is plausible and supported by a preponderance of the evidence." *Oshana v. Coca-Cola Co.*, 472 F.3d 506, 511 (7th Cir. 2006). Remand is only appropriate if it is "legally certain that the controversy is worth less than the jurisdictional minimum." *Meridian*, 441 F.3d at 542.

Here, Defendant has provided a good faith estimate that he stands to lose more than $75,000 if the injunctive relief sought by Plaintiff is granted. See, *Oshana*, 472 F.3d at 511. According to his Declaration submitted in opposition to the motion, Estes' total gross earnings were $154,000 and $213,562 in 2021 and 2020, respectively, and he would "earn an annual amount of income at his new employer [that Plaintiff seeks to enjoin] that is comparable [to these two values]" (Doc. 13). Given the scope of the underlying Non-Compete Agreement (Doc. 1-2) and the preliminary and permanent injunction sought by Plaintiff, the Court finds that Defendant does stand to lose more than $75,000 in this case. The Non-Compete Agreement forbids Defendant from "indirectly" competing with Plaintiff "anywhere in the world" (Doc. 1-2, p. 5). Additionally,

under the Non-Compete Agreement, he will no longer be permitted to work in his line of business in the St. Louis metropolitan area.

Plaintiff's representation that it will not seek more than $75,000 is unavailing. It is difficult to imagine a scenario in which strict enforcement of the Non-Compete Agreement is not legally certain to result in more than $75,000 in damages. And although litigants may stipulate to damages not exceeding the $75,000 jurisdictional limit, Plaintiff did not do so when it filed the Complaint. *Oshana*, 472 F.3d at 512 (also noting that plaintiff's "refusal to admit the combination of these recoveries would not exceed $75,000 [at the time of filing] raised the reasonable inference that it would"). A post-removal stipulation does not divest this Court of jurisdiction. *In re Shell Oil Co.*, 970 F.2d 355, 356 (7th Cir. 1992) (once party has removed the case, such filings are "irrelevant").

For the foregoing reasons, the Court concludes that it has proper subject matter jurisdiction over this matter. Plaintiff's Motion to Remand (Doc. 10) is **DENIED**.

**IT IS SO ORDERED.**

**DATED:  July 20, 2022**

**STACI M. YANDLE**
**United States District Judge**